UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

AUSTIN PATTON                                                                                    Plaintiff

v.                                                                    Civil Action No. 3:18-CV-00346-RGJ

LOUISVILLE JEFFERSON COUNTY                                                                   Defendants
METRO GOVERNMENT *ET AL.*

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendants, Officer Daniel Johnson, LT Michael Redmon, Officer Bradley Sheppard, Officer Joe Castellano, Officer Terrance White ("Officer Defendants"), Louisville Jefferson County Metro Government ("Louisville") and Louisville Metro Department of Corrections ("LMDC")(Louisville and LMDC collectively, "Municipal Defendants")[1], move to dismiss Plaintiff Austin Patton's ("Patton") amended complaint. [DE 22]. Briefing is complete. [DE 23, DE 25]. For the reasons below, the Motion to Dismiss will be **GRANTED in part** and **ADMINISTRATIVELY REMANDED in part**.

### I.     BACKGROUND

The Court takes the following factual allegations in the complaint as true for its consideration of the present motion. *See Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)).

Patton is, and has been, in LMDC custody, awaiting trial. [DE 18 at 104, ¶ 22]. Patton has received death threats from inmates associated with Patton's alleged victim. *Id.*, ¶ 23. A judge

---

[1] It is unclear from the docket and the motion whether Louisville, or only LMDC, moves to dismiss. It appears to the Court that Louisville intended to be part of this motion because Patton's amended complaint restated his state law claims against Louisville and LMDC despite the Court already dismissing these claims [DE 6].

1

ordered that Patton be held in Christian County for his safety, however, LMDC has periodically transported Patton to Jefferson County for court appearances. *Id.*, ¶¶ 24–25. While held in Jefferson County, LMDC placed Patton on the fifth floor in the general population with the individuals who had threatened him. *Id.*, ¶ 27. LMDC was supposed to place him in protective custody or the fourth floor for seclusion from his alleged victim's friends. *Id.*, ¶ 26. The alleged victim's friends assaulted Patton in the shower room on the fifth floor, and Patton "suffered a fractured skull, a fractured eye socket, a broken arm, and various other bodily injuries." *Id.*, ¶ 28–29. Despite the known health and safety risk to Patton, the Unknown Officers, Unknown Supervisors, or Defendants Johnson, Redmon, Sheppard, Castellano, or White were not checking on Patton that day during their rounds. *Id.* at 105, ¶ 30–32. Patton lay "in the shower room seriously injured and nearly dead for five hours before Unknown Cos and/or Defendants Johnson, Redmon, Sheppard, Castellano and/or White found him, only after [Patton's] Mom visited [LMDC] and inquired into his whereabouts." *Id.*, ¶ 105.

As with Patton's original complaint, Patton alleges in his amended complaint that Bolton is the "Director of the [LMDC] and a [Louisville] employee . . . and is responsible, in part for forming, administering, monitoring, and supervising the policies and activities involved in those of the . . . known and unknown [LMDC] employees." *Id.*, ¶¶ 10–11. Patton alleges Clark is the "Chief of Staff of [LMDC] and a [Louisville] employee . . . and is responsible, in part for administering, monitoring, and supervising the policies and activities involved in those of the . . . known and unknown [LMDC] employees." *Id.*, ¶¶ 12–13. Patton alleges that the Municipal Defendants are "responsible, in part, for administering, monitoring, and supervising the policies and activities . . . of the . . . known and unknown [LMDC] employees." *Id.*, ¶¶ 8–9.

As with Patton's original complaint, he alleges in his amended complaint that unknown LMDC correctional officers ("Unknown Officers") were "under the authority, in part of The City, The Department, The Director, The Chief of Staff, Unknown Supervisors, and known Sergeants supra." *Id.*, ¶ 16. As before, he also alleges that unknown LMDC ranked supervisors ("Unknown Supervisors") "are responsible, in part, for administering, monitoring, and supervising the policies and activities involved in those of the following known and unknown Department employees." *Id.*, ¶ 15. The Unknown Officers and Unknown Supervisors are collectively called "Unknown Defendants."

Patton's amended complaint alleges that the newly named Officer Defendants Johnson, Redmon, Sheppard, Castellano, and White, were "employee[s] of The Department and [are] responsible, in part, for administering monitoring, and supervising the policies and activities involved in those of the following known and unknown Department employees." *Id.*, ¶¶ 17–21. Patton also alleges that Defendants "should be deemed legally to have known [Patton] was not supposed to be on the fifth floor . . ." *Id.* at 105, ¶ 34. Patton did not name Officer Defendants Johnson, Redmon, Sheppard, Castellano, and White in the original complaint.

As with his original complaint, Patton alleges violations of his Fourteenth Amendment right to due process (Federal Count I), Conspiracy to violate the Constitution (Federal Count II), Failure to train, supervise, audit, and discipline (Federal Count III), and violations of his rights under Kentucky law, violation of due process under the Kentucky Constitution (State Count I), Conspiracy to Violate the Kentucky Constitution (State Count II), Negligence (State Count III), Reckless/Negligent failure to train and supervise (State Count IV). *Id.* In his prayer for relief, Patton requests compensatory damages, punitive damages, and injunctive relief. *Id.* at 110.

The parties agree the alleged incident that supports Patton's complaint occurred on or about June 6, 2017. [DE 22-1 at 121; DE 23 at 129]. Patton's original complaint was filed on June 1, 2018. [DE 1].[2] On October 4, 2018, Defendants moved to dismiss. [DE 4]. On October 15, 2019, the motion to dismiss was granted in part and denied in part. [DE 6]. The parties submitted a Rule 26(f) planning report on November 12, 2019. [DE 9]. The Court issued a scheduling order on November 25, 2019. [DE 10]. The parties filed initial disclosures on December 9, 2019. [DE 12; DE 13]. Defendants initial disclosure under Rule 26(a)(1)(A)(i) stated that "the following witnesses are likely to have discoverable information that may be used to support the defense asserted by them . . . [t]hese witness may have information regarding the Plaintiff's complaints regarding his altercation . . . (a) Plaintiff Austin Patton (b) Defendants listed and potential other officers." [DE 13 at 87]. The Defendants' disclosure stated that "other officers" might have discoverable information but did not provide the names of the "other officers."

According to Patton he served discovery requests on Defendants on December 18, 2019. [DE 23 at 129]. According to Patton Defendants did not respond to the requests until March 9, 2020. [DE 23 at 129]. It was then Patton claims to have learned the names of the officers who were described in the original complaint as the unknown officers. [DE 23 at 129-30].

Patton filed his amended complaint on June 24, 2020. [DE 18]. He did not tender prepared summonses to serve on Defendants with his amended complaint as required by Rule 4. Patton claims he filed a motion for leave to presumably amend his complaint on June 8, 2020. [DE 23 at 130]. But there is no motion for leave to file an amended complaint in the record and Patton's amended complaint was filed without leave of the Court.

---

[2] Defendant's motion to dismiss states the original complaint was filed on February 14, 2018. [DE 22-1 at 121]. This is not correct. Plaintiff repeats this misstatement in his response. [DE 23 at 129]. The record reflects the complaint was filed on June 1, 2018. [DE 1].

## II. STANDARD

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64).

Dismissal of a claim under Rule 12(b)(6) on grounds that it is barred by a limitations period is warranted only if "the allegations in the complaint affirmatively show that the claim is time-

barred." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (emphasis added). In other words, it must be "apparent from the face of the complaint that the limit for bringing the claim[s] has passed." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008) (alteration in original)(quoting *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992)).

### III. DISCUSSION

When a pleading is amended without leave of court or consent of opposing parties, it may either be considered a nullity, *United States ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003), or taken as properly introduced "as long as the amendments do not unfairly surprise or prejudice the defendant," *Hicks v. Resolution Tr. Corp.*, 767 F. Supp. 167, 170 (N.D. Ill. 1991); see 6 Charles Alan Wright & Arthur R. Miller, Federal Practice, and Procedure § 1484 (noting that an improperly filed amended complaint may be still allowed "when leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change."). Defendants do not mention in their motion to dismiss or otherwise object to the filing of Patton's amended complaint without leave. The Court will thus consider the amended complaint as properly filed.

The Defendant Officers argue the amended complaint is untimely and does not relate back to the original complaint under Rule 15(c) of the Federal Rules of Civil Procedure. [DE 22-1]. The Officer Defendants argue they did not receive notice of the action and that there was no mistake about their identity to satisfy the relation back requirements of Rule 15. *Id.* Defendants also argue that the Court ruled that Louisville's agency LMDC should be dismissed as a party.

Patton argues the amended complaint relates back under the mistaken identify prong of Rule 15. [DE 23]. Patton also argues there was no way for him to know the identity of these newly

named officers and that the officers should have been identified by the other Defendants who are their superiors. *Id*.

### 1. Kentucky's one-year statute of limitations and its applicable tolling provisions apply to Patton's claims.

The parties agree that Kentucky's one-year statute of limitations applies to Patton's § 1983 claims. "Because 42 U.S.C. § 1983 does not contain its own statute of limitations, the Court must look to state law to determine the appropriate limitations period." *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). For cases that arise from events in Kentucky, like this case, "[i]t is well-settled that [they will be] governed by Kentucky's personal injury statute of limitations." *Kennedy v. City of Villa Hills*, 07-cv-122-DLB, 2008 WL 650341, at *3 n.9 (E.D. Ky. Mar. 6, 2008)(citing KY. REV. STAT. ANN. § 413.140(1)(a); *see also Dixon v. Clem,* 492 F.3d 665, 671 (6th Cir. 2007)). Courts adopt the tolling provisions that apply to that statute unless they conflict with the federal policy underlying the statute. *McCune v. Grand Rapids*, 842 F.2d 903, 906 (6th Cir. 1988). Thus, the Court will apply Kentucky's one-year statute of limitations for personal injury under KRS 413.140 and its applicable tolling provisions to Patton's claims under 42 U.S.C. § 1983.

The Defendant Officers argue that Patton's claim accrued on or about June 6, 2017. Patton did not respond or otherwise dispute the Defendant Officers' position that his claim accrued on the date of the incident. "[F]ederal law determines when the statute of limitations begins to run on a § 1983 claim." *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007)(citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). Generally, the statute begins to run when Plaintiff "has a complete and present cause of action." *Wallace*, 549 U.S. at 388.

### 2. Patton's amended complaint does not relate back to his original complaint.

Because Patton's claims accrued on June 6, 2017, his statute of limitations ran on Jun 6, 2018. The issue is whether Patton's amended complaint, filed on June 26, 2020, relates back to his original complaint under Rule 15 of the Federal Rules of Civil Procedure.

The relation back rule in Rule 15(c) provides:

Relation Back of Amendments . . . [a]n amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) **received such notice of the action that it will not be prejudiced in defending on the merits; and**
>>
>> (ii) **knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.**

Fed. R. Civ. P. 15(c) (emphasis added). Patton's amended complaint changes the "naming of the party against whom a claim is asserted." Thus the issue is whether Patton's amended complaint meets the requirements of Rule 15(c)(1)(C).

To meet the requirements of Rule 15(c)(1)(C), Patton's amended complaint must meet four requirements: (1) satisfy Rule 15(c)(1)(B)'s requirement that the amendment "arose out of the conduct, transaction, or occurrence," set out in the original complaint, (2) be within the period provided by Rule 4(m) for serving the summons and complaint, (3) the newly named Defendant

Officers must have "received such notice of the action that [they] will not be prejudiced in defending on the merits," and (4) the newly named Defendant Officers must have "knew or should have known that the action would have been brought against [them], but for a mistake concerning the proper party's identity."

There is no dispute on the first requirement that Patton's amended complaint arises out of the "conduct, transaction, or occurrence" set out in the original complaint, meeting the first requirement of Rule 15(c)(1)(C). The Defendant Officers agree that Patton named and that he served the newly added Defendant Officer's within the time required by Rule 4(m). But there is dispute about the third and fourth requirements of Rule 15(c)(1)(C).

The Defendant Officers argue that Patton cannot meet the fourth requirement, which requires that the officer's knew or should have known that Patton's suit would have been brought against them but for a mistake about the proper party's identity. The Sixth Circuit has held that "[s]ubstituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties." *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir.1996). In *Cox,* 75 F.3d 230 (6th Cir. 1996), the plaintiff referred to four "unnamed police officers" in the original complaint, and sought to identify those officers after the statute of limitations had run. The Sixth Circuit held:

> The naming of "unknown police officers" in the original complaint does not save the pleading. Substituting a named defendant for a "John Doe" defendant is considered a change in parties, not a mere substitution of parties. Therefore, the requirements of Fed.R.Civ.P. 15(c) must be met in order for the amendment adding the named defendant to relate back to the filing of the original complaint.

*Id.* at 240.  Because "such amendments do not satisfy the 'mistaken identity' requirement" of Rule 15(c)(1)(C), the court held that the amended complaint naming specific police officers did not

9

relate back to the original complaint, which listed "unnamed police officers" of the City of Louisville and Kentucky State Police. *Id.*

The Sixth Circuit has followed *Cox* in unpublished cases. *See Brown v. Cuyahoga Cty., Ohio*, 517 Fed. App'x 431, 433–34 (6th Cir. 2013) (the Sixth Circuit "previously held [in *Cox*] that an absence of knowledge is not a mistake, as required by Rule 15(c)(1)(C)(ii)"); *Moore v. Tennessee*, 267 Fed. App'x 450, 455 (6th Cir. 2008) ("[A] plaintiff's lack of knowledge pertaining to an intended defendant's identity does not constitute a 'mistake concerning the party's identity' within the meaning of Rule 15(c). Nor are we alone in so holding—our court's precedent comports with no fewer than seven of our sister circuits.") (citation omitted) (collecting cases); *Wiggins v. Kimberly–Clark Corp.*, 641 Fed. App'x 545, 549 (6th Cir. 2016)(lack of knowledge of a defendant's identity does not constitute a "mistake" under the Rule 15(c)(1)(C)(ii)); *Force v. City of Memphis*, 101 F.3d 702, at *3 (6th Cir. 1996) (table) ("We have recently held that [the mistaken identity prong] is not satisfied where the caption of an original complaint refers to 'unknown police officers' and, after the expiration of the applicable limitations period, an amended complaint specifically names those officers.") (citing *Cox*, 75 F.3d at 240).

As to the notice requirement of Rule 15(c), perhaps the Defendant Officers were under constructive notice to satisfy that element as Patton also sued their employer in the original complaint. But the parties have not presented the Court sufficient information on this issue and because Rule 15(c)(1)(C)'s third element—the mistake requirement—resolves whether Patton's amended complaint meets the requirements of Rule 15(c), the Court need not decide whether the notice requirement is satisfied. Thus, Patton's new claims against the Defendant Officers do not relate back to his original complaint.

### 3. The Court does not have sufficient information to determine if Patton meets Kentucky's equitable tolling test.

The final issue is whether Patton has a right to have the statute of limitations against the Defendant Officers equitably tolled. In a § 1983 case, "just as limitations periods are taken from state law, so are the rules regarding equitable tolling." *Kucharski v. Leveille*, 526 F. Supp. 2d 768, 771 (E.D. Mich. 2007) (citing *Wallace*, 549 U.S. at 394; *Hardin v. Straub*, 490 U.S. 536, 539 (1989); *DeSoto*, 489 F.3d at 233). Federal courts accept the use of state tolling law in § 1983 cases. *See Garza v. Burnett*, 547 Fed. App'x 908, 909 (10th Cir. 2013)(certifying a question to the Utah Supreme Court to determine whether a claim could be equitably tolled under that state's law). As a result, this Court will apply Kentucky equitable tolling law to this case.

Kentucky courts only allow equitable tolling when (1) the litigant has put forward a diligent effort to meet the constraints of the statute of limitations, and (2) some extraordinary circumstance beyond the litigant's control prevents him from meeting the statute of limitations. *See Hill v. State Farm Ins. Co.*, 390 S.W.3d 153, 157 (Ky. App. 2012), *Stoner v. Percell*, 3:13-cv-00762-CRS, 2014 WL 6611557, at *5 (W.D. Ky. Nov. 20, 2014) (citing *Nanny v. Smith*, 260 S.W.3d 815, 817–18 (Ky. 2008). Under Kentucky law, "a person who knows he has been injured has a duty to investigate and discover the identity of the tortfeasor within the statutory time constraints." *Combs v. Albert Kahn Assocs., Inc.*, 183 S.W.3d 190, 199 (Ky. App. 2006).

Patton argues there was no "practical or legal way [he] could have known the names of the unknown officers and/or unknown lieutenant within the year statutory period." [DE 23]. Patton provides nothing further about what efforts he made pre-suit to discover the identities of the officers involved in the incident. The Defendant Officers argue in response that Patton "did not conduct adequate discovery before filing his lawsuit. The suit was filed 4 months before the limitation period expired." [DE 25 at 136]. But the lawsuit was not filed four months before the

limitation period expired. If it had been, Patton arguably would have had four months to seek leave from the Court to conduct expedited discovery from the Defendants on the officers' identities. Instead, the suit was filed five days before the limitation period expired. Even a motion for expedited discovery upon suing would have been unlikely to yield the identities of the officers before the statute of limitations ran. It is also not clear what right, if any, Patton had pre-suit to discovery that would have revealed the identifies of the unknown officer. The Officer Defendants also argue that "the inappropriately named Defendants are subject to discovery without being named as parties." [DE 25]. While this is true that the unnamed officers may have been subject to discovery, that is only after Patton has sued.

It is true that since the filing of the original complaint, delays out of Patton's control deferred discovery. The parties had no right to initial disclosures and permitted to conduct discovery until the parties met and conferred under Rule 26. Initial disclosures are not due until 14 days after the parties' Rule 26(f) conference, Fed. R. Civ. P. 26(a)(1)(C), and a party may not seek discovery until the parties have conferred in a Rule 26(f) conference, Fed. R. Civ. P. 26(f). Here, the Court did not order a Rule 26(f) conference until October 16, 2019 [DE 8], after the Court had ruled on the Defendant's first motion to dismiss. [DE 6].

And when the parties made initial disclosures, the Defendants' initial disclosure under Rule 26(a)(1)(A)(i) stated that "the following witnesses are likely to have discoverable information that may be used to support the defense asserted by them . . . [t]hese witness may have information regarding the Plaintiff's complaints regarding his altercation . . . (a) Plaintiff Austin Patton (b) Defendants listed and *potential other officers."* [DE 13 at 87] (emphasis added). But the Defendants' initial disclosures did not provide the names of the "potential other officers."

12

Rule (a)(1)(A) states that "a party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment . . . ." The Court cannot imagine why the Defendants would not have been able to provide those names at the time of initial disclosure and the names should have been provided. As a result, Patton did not learn of the identies until the Defendants responded to his discovery requests in March 2020, at which time the COVID pandemic was emerging. Patton filed his amended complaint, without leave of Court, in June 2020.

In sum, while Patton has pursued the identities of the unknown officers after suing, the statute of limitations ran only a few days after suit was filed. While circumstances beyond his control delayed discovery, what happened after suit was filed is not as important as what happened pre-suit, when Patton had a duty under Kentucky law to diligently pursue the identity of the unknown officers. *Combs*, 183 S.W.3d at 199. Patton has provided the Court with no support for his statement that he was unable as a practical and legal matter to obtain the identities of the unknown officers before the statute of limitations ran. The Defendants did not dispute this point in their reply, but only say Patton did not engage in discovery. The Court does not have enough information to determine whether equitable tolling applies. The Court is thus ordering the parties to provide further briefing on the issue of equitable tolling, including:

- Support as to what efforts Patton made before suing to discover the identities of the officers;

- When Patton engaged counsel;

- Support as to what efforts Patton's counsel made before filing suit to discover the identies of the officers;

13

- Authority for Patton's statement that there was no "practical or legal way [he] could have known the names of the unknown officers and/or unknown lieutenant within the year statutory period;"

- Authority, under Kentucky law, as to whether "some extraordinary circumstance beyond the [Patton's] control prevent[ed]" him from learning the identities of the officers within the statute of limitations;

- A response from Defendants on Patton's statement that there was no "practical or legal way [he] could have known the names of the unknown officers and/or unknown lieutenant within the year statutory period;"

Any information provided should be supported with affidavits or other evidence. Absent a showing that Patton is entitled to equitable tolling of the statute of limitations against the Defendant Officers, or a showing that this is an issue for summary judgment, the Defendant Officers' motion to dismiss will be granted.

### 4. Patton's state law claims against Louisville will be dismissed and his claims against LMDC will be dismissed.

Defendants move to dismiss the LMDC, correctly noting that this Court already dismissed them as a party. [DE 6]. The motion to dismiss is granted as to all claims against LMDC.

Also, the Court previously dismissed Patton's state-law claims against Louisville as Louisville (and its agency LMDC) are protected from Patton's state-law claims by sovereign immunity. [DE 6]. As a result, the motion to dismiss is granted as to the state claims against Louisville.

### IV. CONCLUSION

For the reasons set forth above, the Court **ORDERS** that Defendants' Motion to Dismiss [DE 22] is **GRANTED in part** as to all claims against Louisville Metro Department of Corrections and Plaintiff Patton's state law claims against Louisville Jefferson County Metro Government and **ADMINISTRATIVELY REMANDED in part** as to Patton's claims against Officer Daniel

Johnson, LT Michael Redmon, Officer Bradley Sheppard, Officer Joe Castellano, and Officer Terrance White, to be **REINSTATED** to the docket on **April 12, 2021**.

The Court further **ORDERS** the parties to file supplement briefs on the issues set forth above relating to equitable tolling. Patton's supplement brief is due **March 17, 2021**. The Defendant Officers' supplemental response is due **March 30, 2021** and Patton may reply by **April 9, 2021.**

Defendant Louisville Metro Department of Corrections is dismissed as a party.